# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MARTIN GARDNER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 16cv02940 JAH-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 8]** |

## BACKGROUND

On December 2, 2016, Plaintiff, proceeding *pro se*, filed a complaint for social security benefits. He alleges the Social Security Commissioner terminated his claim following a decision by the Social Security Appeals Council. He further alleges the Commissioner ignored evidence he submitted to the Appeals Council demonstrating the Administrative law Judge denied him due process, and, thereby, unlawfully denied him social security benefits. He seeks an award of social security benefits, damages for the unlawful denial of benefits, damages for discrimination and harassment, injunctive relief and restitution, and fees and costs.

Following service of summons and the complaint, Defendant filed a motion to dismiss. Plaintiff filed an opposition to the motion and Defendant filed a reply. Upon a

thorough review of the parties' submissions, and for the reasons discussed below, the Court GRANTS the motion without prejudice to Plaintiff amending his complaint to assert a claim for final review of the Commissioner's final decision denying benefits.

## DISCUSSION

Defendant seeks dismissal of the action for lack of subject matter jurisdiction and failure to state a claim.

**I. Legal Standard**

**A. Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). When considering a 12(b)(1) motion to dismiss, the district court "is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). "In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

**B. Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations,"

he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

//
//

## II. Analysis

Defendant argues the Social Security Act bars Plaintiff's complaint as written. She contends Plaintiff alleges diversity jurisdiction pursuant to 28 U.S.C. section 1332(a)(1), but, she argues, the only colorable basis for subject matter jurisdiction is through the Social Security Act which waives immunity for judicial review of the Commissioner's final decision. Defendant maintains Plaintiff's claims for relief and prayers for various remedies must be dismissed for lack of subject matter jurisdiction and due to the exclusive remedy provided for by the Social Security Act.

Defendant further argues Plaintiff's tort claims must be dismissed for lack of jurisdiction. She maintains the Federal Tort Claims Act ("FTCA") provides the exclusive remedy for claims against the United States for torts committed by governmental employees in the course and scope of their employment and no suits may be maintained against the employees individually. She further maintains a tort claimant may not commence suit against the United States without first filing a claim with the appropriate federal agency and either receiving denial of the claim or waiting for six months without a final disposition. Defendant contends Plaintiff does not allege he filed a tort claim with any federal agency and there is no record of him doing so. In support, Defendant submits the declaration of Brandon Dell'Aglio, attorney and FTCA Team Leader of the Social Security Administration, who attests to being responsible for the maintenance of tort claims filed with the agency, and to finding no claim by Plaintiff after a search of their records. See Doc. No. 8-2.

In opposition, Plaintiff argues the Court has subject matter jurisdiction over the action and he exceeds the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. He maintains any immunity has been abrogated. He also maintains he exhausted administrative remedies because he received a final decision from the Social Security Administration.

Defendant argues, in reply, the only waiver of immunity is for judicial review of the Commissioner's final decision. As such, Defendant contends, Plaintiff may seek review

of the final decision denying benefits and obtain only a judgment affirming, modifying, remanding or reversing that decision. Defendant consents to jurisdiction only to the extent that Plaintiff asserts jurisdiction pursuant to section 405(g) solely to seek review of the Commissioner's final decision denying Plaintiff disability benefits, and wishes to amend his complaint accordingly.

Defendant further argues Plaintiff has not filed an administration tort claim against the Commissioner, and, therefore, this Court has no jurisdiction to adjudicate Plaintiff's tort claims.

The United States and its agencies have sovereign immunity from suit unless Congress expressly waives immunity by statute. See F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The waiver must be "unequivocally expressed" and "not enlarged beyond what the language requires." United States v. Nordic Vill., Inc., 503 U.S. 30, 33 - 34 (1992) (internal quotation omitted). The party suing the government bears the burden of demonstrating an express waiver. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). The Social Security Act allows a narrow waiver of sovereign immunity by providing for judicial review of the Commissioner's final decisions following a hearing. 42 U.S.C. §§ 405(g), (h). As such, the Court has jurisdiction to hear Plaintiff's action to the extent he seeks review of the final decision denying benefits. However, the Court lacks jurisdiction to hear Plaintiff's claims for the additional relief sought against the Commissioner. While the FTCA provides a limited waiver of immunity for tortious conduct of employees of the government committed within the scope of their employment, any action under the FTCA must be brought against the United States only. See 28 U.S.C. § 2671; FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States."). Therefore, any FTCA claim against the Commissioner must be dismissed.

Additionally, any FTCA claim against the United States is subject to dismissal. Prior to filing a suit under the FTCA, a claimant must submit a claim to the appropriate Federal

agency and receive a final denial. 28 U.S.C. § 2675. The denial may be either a written denial or the failure of the agency to act within six months of the filing of the claim. Id. If this requirement is not met, a court lacks jurisdiction over the matter. See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). Plaintiff fails to demonstrate he filed a claim as required. Accordingly, the Court lacks jurisdiction for a claim brought under the FTCA.

The Court lacks jurisdiction over Plaintiff's claims with the exception of a claim seeking review of the Commissioner's final decision denying social security benefits. As such, the Court will provide Plaintiff an opportunity to amend to assert such a claim. All other claims are dismissed with prejudice and may not be reasserted in an amended complaint.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss is **GRANTED without prejudice** to Plaintiff amending his complaint to assert a claim for review of the Commissioner's final decision denying benefits. All claims, with the exception of a claim for review of the Commissioner's final decision, are **DISMISSED with prejudice**.

2. If Plaintiff wishes to amend to assert a claim for review of the Commissioner's final decision denying social security benefits, he shall file a First Amended Complaint **on or before May 7, 2018**.

Dated: March 22, 2018

JOHN A. HOUSTON
United States District Judge