UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MARTIN GARDNER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 16cv02940 JAH-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>**[Doc. Nos. 23, 24, 28, 33]** |

**INTRODUCTION**

Plaintiff seeks review of the Social Security Commissioner's final decision denying benefits. After a thorough review of the parties' submissions and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross-motion for summary judgment.

**BACKGROUND**

Plaintiff was born on January 18, 1965 and is currently 53 years of age. AR[1] at 146. He alleges he has been unable to work since May 29, 2014, as a result of his disabling condition. He filed an application for disability insurance benefits on September 8, 2015.

---

[1] AR refers to the administrative record.

Id. The Commissioner of the Social Security Administration denied the claim on January 21, 2016, and denied the claim again upon reconsideration. AR at 97, 101. Plaintiff requested a hearing, and appeared and testified at the hearing on July 5, 2016. AR at 108, 26. The ALJ issued an unfavorable decision on September 1, 2016. AR at 10. Plaintiff filed a request for review of the ALJ's decision and the Appeals Council denied the request. AR at 1-9.

Plaintiff, appearing *pro se*, originally filed a complaint regarding the denial of social security benefits on December 2, 2016. Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. See Doc. No. 8. Finding a lack of jurisdiction over Plaintiff's Federal Tort Claims Act claim, the Court granted the motion to dismiss and provided Plaintiff an opportunity to amend his complaint to assert a claim for review of the Commissioner's final decision denying benefits. See Doc. No. 16. Plaintiff filed a First Amended Complaint on April 25, 2018, and Defendant filed an answer and the administrative record. See Doc. Nos. 17, 18, 19.

On June 13, 2018, Plaintiff filed a motion for summary judgment. See Doc. No. 23. On July 10, 2018, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion. Doc. Nos. 24, 25. Plaintiff filed an amended motion for summary judgment *nunc pro tunc* to July 20, 2018. See Doc. No. 28. Upon review of the amended motion, the Court issued an order providing Defendant an opportunity to respond and Plaintiff an opportunity to reply to any response filed by Defendant. Defendant filed a amended cross motion for summary judgment and response in opposition, and Plaintiff filed a reply. See Doc. Nos. 33, 34, 36.

**DISCUSSION**

**I. Legal Standards**

**A. Qualifying for Disability Benefits**

To qualify for disability benefits under the Act, an applicant must show that: (1) he suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

2

16cv02940 JAH-WVG

months; and (2) the impairment renders the applicant incapable of performing the work that he previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be "disabled." Id.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate. Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003). Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." Id. at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)). If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant cannot perform his previous work, the fifth and final step of the process determines whether he is able to perform other work in the national economy considering his age, education, and work experience. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**B. Judicial Review of an ALJ's Decision**

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. Id. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."

Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).

## II. The ALJ's Decision

In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 29, 2014, and has severe impairments, including post-traumatic stress disorder ("PTSD"), major depressive disorder, and anxiety disorder, that cause more than minimal limitations on Plaintiff's ability to perform basic work activities. AR at 15. The ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or are medically equal in severity to one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. Id. at 16. In making this determination, the ALJ found Plaintiff has no more than mild restrictions in daily living, no more than moderate difficulties in social functioning and no more than moderate difficulties in concentration, persistence or pace. Id. Additionally, the ALJ found the evidence did not document any episodes of decompensation of extended duration within the period at issue, and there was no evidence to suggest a complete inability to function independently outside the area of one's home. Id.

The ALJ found Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with non-exertional limitations that include no interaction with the public; no more than occasional, work related, non-personal, non-social interaction with co-workers and supervisors involving no more than a brief exchange of information or hand-off of product; and no work as part of a team. Id. at 17. In making the finding, the ALJ considered all symptoms and the extent the symptoms can reasonably be accepted as consistent with objective medical evidence, and opinion evidence. Id. The ALJ found the evidence failed to support Plaintiff's allegations of disabling symptoms and limitations. Id. at 18. The ALJ rejected the opinion of Dr. Greytak, a consultative psychiatrist, that Plaintiff had a Global Assessment of Function ("GAF") score of 50 based upon a psychiatric evaluation in December 2015 as not supported by the record. Id. at 19. The ALJ noted that the GAF scale is no longer used to assess global functioning. Id. The

ALJ gave significant weight to psychological consultants' opinions in January 2016, and March 2016, which determined that Plaintiff was capable of simple work tasks in a more isolated work environment with brief/perfunctory interaction with others. Id. The ALJ determined Plaintiff's allegations of disabling symptoms and limitations were not consistent with the record based upon Plaintiff's lack of mental health treatment despite access to medical care including declinations for ongoing psychotherapy, and relatively benign findings from the limited mental health treatment records. Id.

The ALJ determined Plaintiff was unable to perform any past relevant work but he could perform jobs that exist in significant numbers in the national economy. Id. at 19-20. Ultimately, the ALJ concluded Plaintiff had not been under a disability as defined by the Act from the date of his application. Id. at 21.

**III. Analysis**

Plaintiff argues the ALJ demonstrated bias against him as veteran suffering from PTSD as evidenced by the ALJ's derisive and hostile statements at the hearing surrounding discussion of his PTSD. He contends the ALJ showed he did not view Plaintiff's condition as disabling despite the vocational expert's testimony and Plaintiff's testimony.

Defendant argues Plaintiff fails to rebut the presumption that the ALJ was unbiased. She contends Plaintiff's bias argument stems from his misconception that having a severe impairment necessarily equates to a disability. Defendant maintains PTSD is not *per se* disabling and the ALJ acknowledged Plaintiff's impairments, including PTSD, were severely limiting and carefully considered Plaintiff's PTSD and other mental health impairments in accordance with the Commissioner's regulations. Defendant further maintains the ALJ appropriately sought clarification as to why Plaintiff continued to work for 18 years given that he testified his symptoms began in 1996. She contends the ALJ's line of questioning was reasonable and there is no evidence of hostility. Further, Defendant contends Plaintiff's assertion that the ALJ had an ulterior motive in questioning whether Plaintiff's past work involved sales is confounding given that Plaintiff himself described his past jobs as sales positions, and is irrelevant because the ALJ determined Plaintiff could

not perform his past relevant work. Defendant argues Plaintiff's allegation of bias is nothing more than an objection to the outcome of the decision and the questions or comments Plaintiff cites as evidence of bias were either requests for clarification of information an ALJ must consider when determining disability under the Act's regulations or explanations of the agency's process for evaluating disability claims. Thus, Defendant argues, the Court should affirm the ALJ's Decision.

Defendant further argues the ALJ's decision was supported by substantial evidence and is free from harmful error. She maintains the ALJ considered the record as a whole and thoroughly evaluated the medical evidence, physician opinions, other agencies' findings, and Plaintiff's subjective statements. Additionally, Defendant contends Plaintiff fails to allege any error other than bias which is meritless.

In reply, Plaintiff argues Defendant's inadvertent error omitting the word "not" from a sentence in her original cross-motion demonstrates that key words were omitted from the ALJ hearing transcript. He further argues the ALJ's denial rate of 53% is evidence of his bias.

Plaintiff's sole challenge to the ALJ's denial of benefits is that the ALJ was biased against him as a sufferer of PTSD. ALJs are presumed to be unbiased. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999) (citing Schweiker v. McClure, 456 U.S. 188. 195 (1982)). A party asserting bias has the burden of rebutting the presumption "by showing a conflict of interest or some other specific reason for disqualification." Id.

Plaintiff contends the ALJ's bias is demonstrated by his derisive and hostile comments made during the hearing. He points to portions of the transcript of the hearing and insists there are additional hostile comments not included in the transcript. Generally, remarks by a judicial officer during proceedings "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases" do not support a bias. Liteky v. United States, 510 U.S. 540, 555 (1994). Plaintiff must show "the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment." Bayliss v. Barnhart, 427 F.3d 1211, 1214–15 (9th Cir. 2005). The ALJ's questions

regarding the onset of Plaintiff's PTSD and the number of years between the onset and the date of alleged disability, the character of his past relevant work, and discussion of the Veterans Administration disability rating do not demonstrate the ALJ was unable to render a fair judgment. Rather, they show the ALJ was gathering and evaluating the evidence to assist in making a determination of disability.

Plaintiff further asserts the ALJ's denial rates demonstrate a bias. He attaches a document he describes as a webpage showing statistics of the ALJ's approvals and denials of benefits. Defendant contends the statistics have no bearing on this case. The Court finds the statistics offered by Plaintiff fail to demonstrate bias. There is nothing showing how many of the denials were claims by PTSD sufferers or how many of the ALJ's decisions were overturned. Plaintiff's assertion that the statistics are evidence of a bias against those suffering mental health issues is no more than speculation. Plaintiff fails to overcome the presumption that the ALJ was not biased and his motion for summary judgment is denied.

As discussed above, the ALJ performed the five-step sequential evaluation process and made findings regarding Plaintiff's impairments, limitations and residual functional capacity which he supports with specific evidence in the record. The Court finds the ALJ's determination that Plaintiff is not disabled is based on substantial evidence in the record and free of legal error.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for summary judgment is **DENIED**;
2. Defendant's cross-motion for summary judgment is **GRANTED**;
3. The Clerk of Court shall enter judgment accordingly.

Dated: December 6, 2018

JOHN A. HOUSTON
United States District Judge